UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MARYUM AUTUMN TAHIRKHELI,
                        Plaintiff,

Against                                     **COMPLAINT**
                                              JURY TRIAL DEMANDED

ASCENSION VIA CHRISTI HOSPITAL PITTSBURG, INC.,
SOUND PHYSICIANS EMERGENCY MEDICINE OF KANSAS, LLC,
KATHRYN M. CORNELIUS, M.D. and
BETHANY N. ENOCH, M.D.
                        Defendants.

**COMPLAINT**

    MARYUM AUTUMN TAHIRKHELI, by and through her attorney, Razmi M. Tahirkheli of Tahirkheli & Premer-Chavez Law Office, LLC, for her Complaint against ASCENSION VIA CHRISTI HOSPITAL PITTSBURG, INC., Pittsburg, Kansas, SOUND PHYSICIANS EMERGENCY MEDICINE OF KANSAS, LLC, Brentwood, Tennessee, KATHRYN M. CORNELIUS, M.D. as a representative of Ascension Via Christi Hospital Pittsburg, Inc. and Sound Physicians Emergency Medicine of Kansas, LLC, and in her personal capacity; and BETHANY N. ENOCH, M.D., as a representative of Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas and Sound Physicians Emergency Medicine of Kansas, LLC., and in her personal capacity, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

    1.    This action is for a violation of Plaintiff's rights under 42 U.S.C.A. § 1395dd, also known as the Emergency Medical Treatment and Labor Act (EMTALA), for intentional infliction of emotional distress, and for subjecting Plaintiff to deceptive acts or practices, by

1

Kathryn M. Cornelius, M.D. (hereinafter Cornelius) and Bethany N. Enoch, M.D., (hereinafter Enoch) employees of Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas (hereinafter Hospital) and Sound Physicians Emergency Medicine of Kansas, LLC. (hereinafter Sound Physicians).

    2.    On May 24, 2024, Plaintiff took her 3-year-old daughter to the emergency room at the Hospital concerned for her well-being. Instead of providing screening and appropriate treatment for the minor as required by EMTALA, Cornelius, due to her bias and prejudice, chastised and accused Plaintiff of possessing illegal marijuana. After leaving the Plaintiff and her minor daughter in the hospital for 5 to 6 hours without providing any treatment or even a viable medical reason, Cornelius then conspired with Enoch to willfully and maliciously create a false narrative that the minor child had THC intoxication, when the child's blood test showed no THC in her blood. Neither Cornelius nor Enoch informed Plaintiff of any test results, diagnosis, or treatment plan, during Plaintiff's and the child's 5 to 6 hours stay in the hospital. After being ignored and kept uninformed regarding the minor child's medical condition, and after the child was no longer in distress, Plaintiff decided to leave the hospital. Cornelius, upon being told of the Plaintiff's decision, and during her second meeting with Plaintiff, threatened to call the police to keep Plaintiff and her minor child in the hospital but did not provide Plaintiff with test results for Cornelious' medical diagnosis. When Plaintiff did leave, Cornelius instructed hospital staff to call the police, and Cornelius knowingly, purposefully, and maliciously provided the police with false information, which resulted in Plaintiff's arrest, and Plaintiff's minor child being removed from her custody. Because of these wanton, willful, and malicious actions and accusations, by Cornelius, with aid from Enoch, Plaintiff was arrested, incarcerated without charges for two days, lost custody of her minor child, and lost

employment. As a direct result of the actions of Cornelius and Enoch, Plaintiff suffered financial, mental, and emotional harm.

3. Plaintiff seeks damages in excess of $75,000.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(I), in that STATE OF KANSAS, a judicial district in which the Defendants reside, and where Ascension Via Christi Hospital Pittsburg, Inc. is located.

6. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. The Plaintiff, MARYUM AUTUMN TAHIRKHELI, is an individual who resides in Pittsburg, Kansas and is a citizen of Kansas.

The Defendant, ASCENSION VIA CHRISTI HOSPITAL PITTSBURG, INC., is located on 1 Mount Carmel Way, Pittsburg, Kansas 66762.

The Defendant, SOUND PHYSICIANS EMERGENCY MEDICINE OF KANSAS, LLC, is an organization with its principal office located at 120 Brentwood Commons Way, Suite 510, Brentwood, Tennessee, 37027.

The Defendant, KATHRYN M. CORNELIUS, M.D., is employed by Ascension Via Christi Hospital Pittsburg, Inc. located at 1 Mount Carmel Way, Pittsburg,

Kansas 66762, and Sound Physicians Emergency Medicine of Kansas, LLC., with its principal office in Brentwood, Tennessee.

The Defendant, BETHANY N. ENOCH, M.D., is employed by Ascension Via Christi Hospital Pittsburg, Inc. located at 1 Mount Carmel Way, Pittsburg, Kansas 66762, and Sound Physicians Emergency Medicine of Kansas, LLC., with its principal office in Brentwood, Tennessee.

## FACTS

8. On May 24, 2024, Plaintiff took her 3-year-old daughter to the Hospital emergency center because Plaintiff, a single mother, had woken up to the minor child screaming and unconsolable.

9. At the Hospital Plaintiff was asked if the minor child could have ingested something while Plaintiff was sleeping.

10. Plaintiff provided the Hospital staff with all the things that Plaintiff could think of that were in the house that the minor child could have ingested even if the possibility was remote.

11. During this inquiry, Plaintiff provided the Hospital with a box of a sleep aid "gummy" that Plaintiff had legally purchased in Kansas. Specifically, Plaintiff advised Hospital staff the sleep aid was purchased in Pittsburg, Kansas, from a local store. Plaintiff told Hospital staff that she had one like that at home, and Plaintiff had taken half the "gummy" to help her sleep, and Plaintiff had wrapped the other half in paper and placed it in the box on a high shelf, well out of the reach of the minor child.

12. Plaintiff did not look at the box upon leaving the house for the Hospital with the

4

minor child.

13. Upon hearing this information, Cornelius immediately accused the Plaintiff of buying marijuana in Missouri where it is legal to buy and possess and bringing it to Kansas where it is illegal to buy or possess.

14. The minor child's blood was tested, and the test results showed no signs of THC in her blood.

15. Cornelius, Enoch, or the Hospital staff did not tell the Plaintiff of the negative blood test results.

16. After the blood test returned as negative, and after more than an hour had passed, Hospital medical records, although unclear and unauthenticated, indicate that Cornelius then ordered that a urine sample be obtained from the minor child using a catheter, a painful, completely unnecessary procedure, for a 3-year-old child.

17. At some later time, a handwritten document was created by an unknown person at Hospital alleging the minor child's urine test was positive for THC.

18. After staying in the Hospital for 5 to 6 hours, and being told nothing about the tests, diagnosis, or treatment of the minor child, and after the minor child was awake and acting herself and was insisting that she be taken home, Plaintiff decided to leave the Hospital and informed the Hospital staff that they were leaving.

19. Cornelius then confronted Plaintiff for the second time, and told Plaintiff that if Plaintiff left the Hospital with the minor child, Cornelius would call the police.

20. It was at the second confrontation that Cornelius told Plaintiff the minor child had "THC intoxication" but did not show any test results to Plaintiff despite Plaintiff requesting to

see the test results.

21. Plaintiff left the Hospital with her minor child.

22. Cornelius then instructed the Hospital staff to call law enforcement. When police arrived at the hospital, Cornelius provided them with false information about Plaintiff and the minor child.

23. Plaintiff was subsequently arrested, and the minor child was removed from her custody and transported back to the Hospital and then turned over to the child's father who was in an ongoing contentious custody dispute with Plaintiff.

24. A paper trail was created under the auspices of "medical documents" showing that Enoch was participating in this "treatment" of the minor child, remotely, with Cornelius.

25. Enoch did eventually come to the Hospital to see the minor child and sanctioned Cornelius' misconduct by supporting misstated facts, and without providing any treatment, released the minor child from the hospital with the child's father.

26. John Mazurek, City Prosecutor of Pittsburg, Kansas, was immediately contacted by a third party and entered his appearance in the ongoing custody dispute on behalf of the minor child's father while the minor child was still at the hospital.

27. Child's father was prosecuted for domestic battery by the City of Pittsburg.

28. John Mazurek is using federal funds allocated to the Family Response Advocate Program to help families in need of housing, medicine, and clothing, to represent the minor child's father in the custody case against Plaintiff.

29. John Mazurek immediately moved for sole custody of the minor child to be awarded to father despite knowing that father was previously involved in a domestic battery case with another minor child's mother and with this minor child, father had not been involved in her life for a year from time of birth.

30. John Mazurek requested orders limiting Plaintiff's contact with the minor child to supervise parenting time and requested that the minor child's name be changed.

31. Plaintiff's counsel scheduled a deposition of Cornelius to gather information to assist in the custody dispute caused by Cornelius' actions, however Cornelius, despite personal service of subpoena issued by the District Court, refused to appear.

32. Because of these false and malicious allegations Plaintiff lost her employment as a certified nursing assistant (CNA) in a nursing home, and is now unable to use her CNA certification, has had to pay for supervised visits with her minor child, suffered two days of incarceration where she was threatened and placed in constant fear for her safety and her life by the other inmates and jail staff, suffered and continues to suffer public humiliation because the Pittsburg Police Department placed her arrest and the false allegations on its Facebook page, the local newspaper published the false allegations about Plaintiff on their website, and has suffered and continues to suffer from emotional distress and pain and has sought medical treatment for her mental health to deal with this continuing trauma.

**COUNT I**
**Violations of Emergency Medical Treatment and Labor Act**
**(EMTALA); 42 U.S.C.A. § 1395dd.**

33. MARYUM AUTUMN TAHIRKHELI incorporates by reference all previous allegations numerated in paragraphs 1 through 32.

34. EMTALA requires that a hospital with an emergency department must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exists. 42 U.S.C.A. § 1395dd(a).

35. Under EMTALA, the hospital is required to obtain informed consent consistent with federal regulations that dictate that a patient, or a patient's representative, has a right to participate in the development and implementation of a treatment plan of care. 42 U.S.C.A. § 1395dd(b)(2); 42 C.F.R. § 482.13.

36. Under federal regulations, a patient, or patient's representative, has the right to make informed decisions regarding the patient's care. The patient's rights include being informed of health status, being involved in care planning and treatment, and being able to request or refuse treatment. 42 C.F.R. § 482.13.

37. The patient, or patient's representative, has a right to privacy and safety, to receive care in a safe setting, to be free from all forms of abuse or harassment. 42 C.F.R. § 482.13.

38. And when any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate. 42 U.S.C.A. § 1395dd(d)(2)(A).

39. For their willful, wanton, and malicious violations of federal law and regulations and Plaintiff's rights as enumerated in the paragraphs above, Plaintiff claims damages against

Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas, Sound Physicians Emergency Medicine Of Kansas, LLC, Brentwood, Tennessee, Kathryn M. Cornelius, M.D. as a representative of Ascension Via Christi Hospital Pittsburg, Inc. and Sound Physicians Emergency Medicine of Kansas, LLC, and in her personal capacity; and Bethany N. Enoch, M.D., as a representative of Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas and Sound Physicians Emergency Medicine of Kansas, LLC., and in her personal capacity in a sum exceeding $75,000, and for costs and attorney fees.

## COUNT II
## Deceptive Acts or Practices

40. MARYUM AUTUMN TAHIRKHELI incorporates by reference all previous allegations numerated in paragraphs 1 through 39.

41. Defendants engaged in deceptive acts and practices in violation of the Kansas Consumer Protection Act when Defendants willfully, wantonly, and maliciously, made false statements and representations to the Plaintiff.

42. For Defendants deceptive acts and practices in violation of the Kansas Consumer Protection Act, Plaintiff claims damages from Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas, Sound Physicians Emergency Medicine Of Kansas, LLC, Brentwood, Tennessee, Kathryn M. Cornelius, M.D. as a representative of Ascension Via Christi Hospital Pittsburg, Inc. and Sound Physicians Emergency Medicine of Kansas, LLC, and in her personal capacity; and Bethany N. Enoch, M.D., as a representative of Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas and Sound Physicians Emergency Medicine of Kansas, LLC., and in her personal capacity in a sum exceeding $75,000 and for costs and attorney fees.

## COUNT III
### Intentional Infliction of Emotional Distress

43. MARYUM AUTUMN TAHIRKHELI incorporates by reference all previous allegations numerated in paragraphs 1 through 42.

44. Defendants caused severe emotional distress by Defendants' extreme and outrageous conduct towards Plaintiff, and Defendants are liable to Plaintiff for the emotional distress, or any harm caused by Defendants to Plaintiff.

45. For these intentional and reckless actions and for the severe emotional distress or harm to the Plaintiff by those intentional and reckless acts, the Plaintiff claims damages against Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas, Sound Physicians Emergency Medicine Of Kansas, LLC, Brentwood, Tennessee, Kathryn M. Cornelius, M.D. as a representative of Ascension Via Christi Hospital Pittsburg, Inc. and Sound Physicians Emergency Medicine of Kansas, LLC, and in her personal capacity; and Bethany N. Enoch, M.D., as a representative of Ascension Via Christi Hospital Pittsburg, Inc., Pittsburg, Kansas and Sound Physicians Emergency Medicine of Kansas, LLC., and in her personal capacity in a sum exceeding $75,000 and for costs and attorney fees.

**WHEREFORE**, MARYUM AUTUMN TAHIRKHELI requests judgment as follows:

A. On Counts I, II, and III, award of damages in favor of MARYUM AUTUMN TAHIRKHELI, in an amount to be determined at trial, but in no event less than Seventy-five Thousand Dollars ($75,000), for each of the counts, plus interest, attorneys' fees and costs.

B. Granting MARYUM AUTUMN TAHIRKHELI such other and further relief as the Court deems just and proper.

Dated: 09/16/2024

                                           Respectfully submitted,

By: */s Razmi M. Tahirkheli*
Razmi M. Tahirkheli, SC #20252
Tahirkheli & Premer-Chavez Law Office
650 Minnesota Avenue
Kansas City, KS 66101
Ph: 913-371-0554
Fax: 913-371-0559
Email: tpclawyers@gmail.com
Attorney for Plaintiff
MARYUM AUTUMN TAHIRKHELI

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, and that I have mailed by United States Postal Service, postage prepaid, the complaint and the summons to all of the Defendant's named in this case to:

ASCENSION VIA CHRISTI HOSPITAL PITTSBURG, INC.
c/o Corporation Service Company
1100 SW Wanamaker Road, Suite 103
Topeka, KS 66604

SOUND PHYSICIANS EMERGENCY MEDICINE OF KANSAS, LLC.
c/o Corporation Service Company
1100 SW Wanamaker Road, Suite 103
Topeka, KS 66604

KATHRYN M. CORNELIUS, M.D.
Ascension Via Christi Hospital Pittsburg, Inc.
1 Mount Carmel Way
Pittsburg, KS 66762

BETHANY N. ENOCH, M.D.
Ascension Via Christi Hospital Pittsburg, Inc.
1 Mount Carmel Way
Pittsburg, KS 66762

By: /s Razmi M. Tahirkheli

Razmi M. Tahirkheli, SC #20252
Tahirkheli & Premer-Chavez Law Office
650 Minnesota Avenue
Kansas City, KS 66101
Ph: 913-371-0554
Fax: 913-371-0559
Email: tpclawyers@gmail.com
Attorney for Plaintiff
MARYUM AUTUMN TAHIRKHELI